1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

REO BOREN                                    )
                                             )
              Plaintiff,                     )        3:08-cv-00174-LRH-VPC
                                             )
       v.                                    )
                                             )        **REPORT AND RECOMMENDATION**
                                             )        **OF U.S. MAGISTRATE JUDGE**
                                             )
BOCCA, ET AL.                                )
                                             )        December 8, 2010
              Defendants.                    )
_____)

       This Report and Recommendation is made to the Honorable Larry R. Hicks, United States

District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C.

§ 636(b)(1)(B) and LR IB 1-4.  Before the court is plaintiff's motion for injunctive order to preserve

evidence/T.R.O (#124)[1]  and defendants' motion to strike plaintiff's motion (#126).  The court has

thoroughly reviewed the motions and recommends that plaintiff's motion (#124) be denied.  The

court also recommends that defendants' motion to strike plaintiff's motion for injunctive order to

preserve evidence/T.R.O. (#126) be granted.[2]

**I. HISTORY & PROCEDURAL BACKGROUND**

       Plaintiff Reo Boren ("plaintiff"), a *pro se* prisoner, is currently incarcerated at Ely State

Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#11).  Plaintiff

filed his original complaint pursuant to 42 U.S.C. § 1983, claiming violations of his Eighth

_____

       [1]       Refers to the court's docket numbers.

       [2]       Plaintiff filed an additional, duplicative "Motion for Judicial Intervention to Order
Preservation of Evidence and Reverse Dismissal" six weeks after his original motion (#128).  Defendants
filed a second motion to strike in response (#130).  In accordance with the reasoning detailed in this Report
and Recommendation and the District Court's orders on March 9, 2010 (#115), and November 18, 2010
(#127), the court recommends that plaintiff's second motion (#128) be denied as moot and that defendants'
second motion to strike (#130) be granted.

Amendment right to be free from cruel and unusual punishment, which allegedly occurred while he was incarcerated at Nevada State Prison ("NSP"). *Id.* The facts of the case are known to the parties, and the court need not recite them here.

On November 13, 2009, this court filed a Report and Recommendation (#89) recommending that defendants' motion for summary judgment be granted with respect to counts one and two - plaintiff's excessive force and conspiracy claims. This court further recommended that plaintiff's conditions of confinement claims contained within counts two and three be dismissed without prejudice, as plaintiff failed to exhaust his administrative remedies. *Id.* The District Court adopted this court's Report and Recommendation on February 11, 2010 (#111).[3] The court entered judgment in the case on February 17, 2010 (#113). Notably, plaintiff did not timely appeal the District Court's ruling to the Ninth Circuit.

Plaintiff filed a letter with the court on March 3, 2010, styled, "motion to appeal dismissal, request evidence hearing" (#114), which the District Court construed as a motion for reconsideration and denied (#115). On May 17, 2010, plaintiff then filed a motion to vacate or modify dismissal of the judgment (#118) and a letter directed to "Honorable Judge of the Court of Appeal 9th Circuit" regarding denial of counsel and dismissal of the case (#119). Defendants opposed plaintiff's motion to vacate or modify dismissal (#120), and plaintiff replied (#121). Plaintiff also filed "Points of Authority, Affidavit/Argument . . . In Support to Opposition, of Dismissal" on August 9, 2010 (#122), and defendants opposed (#123). The District Court construed plaintiff's motion as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), as the motion was filed after the twenty-eight day limit for motions to amend a judgment under Rule 59 (#127). The District

---

[3]     In its order (#111), the District Court also dismissed as moot six additional motions filed by plaintiff (#95, 96, 101, 105, 106, 109), dismissed plaintiff's request for transfer (#93), and dismissed plaintiff's request for counsel (#93). The court notes that in addition to several other duplicative motions, plaintiff has filed seven requests for appointment of counsel throughout this litigation (#5, 24, 41, 47, 50, 74, 93). Further, this court and the District Court have stricken several of plaintiff's filings for failure to file in the proper court (#22); failure to follow the Federal Rules of Civil Procedure and the court's Local Rules, and failure to include claims for relief (#64); improper ex parte contact (#85); and filing an additional opposition to a motion without the court's leave (#92). This record demonstrates plaintiff's repeated improper court filings - a practice which causes the court to expend considerable time and resources.

Court found that plaintiff did not establish grounds for relief under Rule 60(b) and denied his motion. *Id.*

On September 23, 2010, plaintiff filed the motion currently before this court requesting an injunctive order to preserve evidence or a temporary restraining order (#126). Plaintiff's complaint is twofold. First, plaintiff argues that a transcript of the inspector general's interview of him that was provided to plaintiff during discovery was "edited [and] changed the words that I actually said, and [my words] are replaced by the investigators [sic] own words in an attempt to make me sound guilty and/or make it sound like I deserved what happened." *Id.* Plaintiff goes on to say that in addition to this violation, the inspector general also failed to "conduct any investigation or interviews of [plaintiff's] witnesses" and that the inspector general and attorney general refused plaintiff's discovery requests. *Id.* Second, plaintiff states that "the 3 year limit for keeping such evidence is arriving, and this evidence is absolutely necessary to both cases." *Id.*

In its motion to strike plaintiff's motion for an injunctive order to preserve evidence, the defendants argue that "plaintiff is barred from re-litigating the claims and issues presented in this action and the evidence Plaintiff requests preserved is without any value" (#126). Defendants also claim that plaintiff is required to show likelihood of success on the merits in order to prevail in his request for injunctive relief. *Id.* at 4. Defendants argue that plaintiff will not be able to satisfy this standard, "as his case has already been considered and dismissed." *Id.* Finally, defendants argue that they should not be required "to bear the burden and expense of retaining records when such evidence will never again be relevant." *Id.*

The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A.    Discussion

#### 1.    Preliminary Injunction Legal Standard

The preliminary injunction is an "extraordinary and drastic remedy." *Munaf v. Green*, 553

U.S. 674, 689-90 (2008) (citations omitted).  Its sole purpose is to preserve the *status quo ante litem* pending a determination of the case on the merits.  *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009); 11A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2947 (3d ed. 2009) ("[A] preliminary injunction . . . is issued to protect the plaintiff from irreparable injury and to preserve the court's power to render a meaningful decision after a trial on the merits.").  "The grant of a preliminary injunction is the exercise of a very far reaching power never to be indulged in except in a case clearly warranting it."  *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).

The traditional equitable criteria for granting a preliminary injunction in the Ninth Circuit are: "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)."  *Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995) (citations omitted); *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003).

### 2.      Temporary Restraining Order Legal Standard

The standard for issuing a temporary restraining order is identical to the standard for preliminary injunction.  *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  Moreover, it is appropriate to treat a non-*ex parte* motion for a temporary restraining order and preliminary injunction as a motion for a preliminary injunction.  *See* 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2951 (2d ed. 2007) ("When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for a preliminary injunction and the proceeding is not subject to any special requirements.").

### B.      Analysis

Although the District Court entered judgment in favor of defendants, plaintiff seeks an injunction preventing the destruction of evidence he claims is "absolutely necessary to both cases."  The court is unclear as to which cases plaintiff is referring since the District Court adopted this court's Report and Recommendation granting summary judgment on plaintiff's excessive force and

conspiracy claims.[4]  This court entered judgment in plaintiff's case, denied plaintiff's request for relief from the judgment, and plaintiff did not timely file an appeal to the Ninth Circuit.  Plaintiff's case is closed.  Further, the court agrees with defendants that plaintiff must show "a strong likelihood of success on the merits" of his case in order to obtain injunctive relief or a temporary restraining order.  Plaintiff cannot meet this burden as the court has already resolved his case in favor of the defendants, which indicates that plaintiff would be very unlikely to succeed on the merits if there were an occasion to hear the merits of this case again.  There is no such occasion.  The court recommends that plaintiff's request for an injunctive order or temporary restraining order to preserve evidence be denied.

Further, the court advises plaintiff that he is to refrain from filing additional motions in this case.  The court has expended considerable energy and resources addressing plaintiff's numerous filings, many of which do not comport with the Federal Rules of Civil Procedure or the Local Rules of this court.  Final judgment is entered in this case and plaintiff failed to timely appeal.  This case is closed.  The court, in its discretion, recommends that defendants' motion to strike plaintiff's motion for an injunctive order or temporary restraining order be granted, and warns plaintiff that it will strike future duplicative or frivolous motions.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court recommends that  plaintiff's motion for an injunctive order to preserve evidence/T.R.O. (#124) be **DENIED** and that defendants' motion to strike plaintiff's motion for an injunctive order to preserve evidence/T.R.O. (#126) be **GRANTED**.  Further, the court recommends that plaintiff's motion for judicial intervention to order preservation of evidence and reverse dismissal (#128) be **DENIED** as moot and that defendants'

---

[4]        The court also dismissed without prejudice plaintiff's claims regarding his conditions of confinement because it found that he did not properly exhaust his legal remedies.  Therefore, plaintiff could re-file that particular claim in the future after he exhausts his administrative remedies, though the court provides no comment on the likelihood of plaintiff's success on such a claim.  However, for purposes of the instant motions before the court, the evidence discussed in plaintiff's motion appears to bear on the claims for which the court granted summary judgment, as plaintiff refers to an interview he claims made him "sound guilty" and other related interviews.  The court cannot conceive of any interviews discussing plaintiff's guilt that would relate to plaintiff's conditions of confinement claims, which stated such violations as denying plaintiff running water and flooding plaintiff's cell with raw sewage (#11, p. 4).

Case 3:08-cv-00174-LRH-VPC   Document 131   Filed 12/08/10   Page 6 of 6

second motion to strike (#130) be **GRANTED**.  The parties are advised:

1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.     This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that  plaintiff's motion for an injunctive order to preserve evidence/T.R.O. (#124) be **DENIED**.  Plaintiff is warned that he should not continue to file motions in this case.

**IT IS FURTHER RECOMMENDED** that plaintiff's motion for judicial intervention to order preservation of evidence and reverse dismissal (#128) be **DENIED** as moot in light of this Report and Recommendation and the District Court's orders denying reconsideration (#115) and denying plaintiff's motion to vacate (#127).

**IT IS FURTHER RECOMMENDED** that defendants' motion to strike plaintiff's motion for an injunctive order to preserve evidence/T.R.O. (#126) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that defendants' second motion to strike (#130) be **GRANTED** in light of this Report and Recommendation.

**DATED**:      December 8, 2010.

_Valerie P. Cooke_

_____

**UNITED STATES MAGISTRATE JUDGE**